UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES LASCKO, | ) | Case No. 1:04CV0975 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE ANN ALDRICH |
| | ) | |
| CLEVELAND POLICE | ) | |
| DEPARTMENT, et al, | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM AND ORDER |

In this action, originally filed in the Cuyahoga County Court of Common Pleas, plaintiff James Lascko ("Lascko") seeks compensation for violations of his rights allegedly committed by a vast array of individuals and government agencies. Lascko's most recent amended complaint (Docket No. 14) names as defendants: the City of Cleveland, the United States Postal Service, the Department of Homeland Security, the Bureau of Immigration and Customs Enforcement, the U.S. Treasury Department and/or the Internal Revenue Service, the National Park Service (Smoky Mountain Office), and no fewer than twenty named and unnamed individuals under the employ of these agencies[1]. Now before the court is a motion to dismiss filed by the federal agency defendants (Docket No. 20). For the following reasons, the court grants this motion and dismisses the case in its entirety.

**I. Background**

Lascko's complaint details three separate encounters with federal officials. The first encounter occurred on April 16, 2002, when federal agents intercepted a package of contraband *en route* to Lascko's home. Agents performed a "controlled delivery" of the package, and shortly thereafter entered

---

[1] Lascko originally named Alan J. Treinish, the trustee overseeing his personal bankruptcy, as a defendant. Treinish has since been dismissed from the case by stipulation. *See* Docket No. 40.

the home with a warrant to search the premises. At the time of the search, Lascko was in England, and his home was under the care of a tenant, Scott Kuti. Lascko alleges that during the search agents "trashed" and ridiculed his personal belongings, threw his Bible on the ground, slandered him to the occupants of the home (Kuti and Karen Dillonbeck), intimidated the occupants and treated them roughly, and confiscated his computer. During the search, agents found a small bag of marijuana and an electronic postal scale.

The second incident occurred on May 9, 2002. Lascko and Kuti were sitting outside a motor home in Smoky Mountain National Park when park rangers executed a raid on the home. The rangers searched Lascko and Kuti, found a small amount of marijuana, and proceeded to search the motor home where they found more marijuana. Lascko alleges that the park rangers intimidated and threatened him and the other occupants of the motor home, held them at gun point, and searched the motor home without a warrant. After the search, both Lascko and Kuti were given $250 tickets for marijuana possession.

The third encounter involved a telephone conversation between Lascko and a taxpayer advocate concerning certain deductions Lascko alleges he was denied on his 2001 Federal Income Tax form. Following a bitter exchange between Lascko and the taxpayer advocate, two treasury agents came to Lascko's home to question him about statements he made with regard to blowing up buildings. Lascko asserts he did not threaten to blow up any buildings, but was simply referencing the terrorist attacks that had recently occurred.

Lascko filed his complaint in the Cuyahoga County Court of Common Pleas on April 30, 2004, and the agency defendants removed the case to this court on May 20, 2004 (*See* Docket No. 1). While not all of the claims Lascko raises are specifically listed in his complaint, page one of that document

professes to state claims for: slander; harassment; intimidation; false accusation; invasion of privacy; denial of due process; religious persecution; unlawful confiscation of property; and violation of constitutional rights, under the First and Fourth Amendments.

## II. Discussion

**A.     Lascko's Tort Claims**

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued...and the terms of its consent to be sued in any court defines the court's jurisdiction to entertain the suit." *United States v. Testan*, 424 U.S. 392, 399 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Therefore, "[t]o bring a tort action against the government, the plaintiff must first establish that the government has waived sovereign immunity." *Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002) (citing *Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1991) (per curiam) (citations omitted)). The government has waived its sovereign immunity in suits for tort actions under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, *et seq.*[2] The remedies provided by the FTCA are exclusive, barring the pursuit of any other civil action or proceeding against the government or its employees.[3] 28 U.S.C. § 2679(b)(1).

---

[2] Some of Lascko's tort claims are barred outright as exceptions to FTCA, *i.e.*, as instances in which sovereign immunity has not been relinquished by the government. These include Lascko's ostensible claim for detention of goods or merchandise by law enforcement officers. *See* 28 U.S.C. § 2680(c).

[3] Because a federal agency cannot be sued under the FTCA, the United States is actually the proper defendant in this case. 28 U.S.C. § 2679(a); *Duncan v. Dep't of Labor*, 313 F.3d 445, 447 (8th Cir. 2002) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 476-77 (1994)). Although Congress has enacted a general waiver of sovereign immunity for suits involving the United States Postal Service by allowing the agency "to sue and be sued in its official name," 39 U.S.C. § 401(1), the FTCA still applies to any tort claims arising from the activities of the USPS, and the United States must also be named as the defendant in those cases. 39 U.S.C. § 409(c); 28 U.S.C. § 2679(a).

"A prerequisite to suit under the FTCA...is the exhaustion by the plaintiff of administrative remedies." *Lundstrum*, 954 F.2d at 1145 (citing 28 U.S.C. § 2675(a)). Under the FTCA, tort actions against the United States cannot be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). In determining whether an administrative claim has been filed in accordance with § 2675(a), "a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a).[4]

Lascko has not presented any evidence to indicate that he filed an administrative claim in accordance with 28 U.S.C. § 14.2(a) or 39 U.S.C. § 912.5, nor does he allege that he has done so in his complaint. Lascko's tort claims against the federal agencies and their employees must therefore be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

**B.    Lascko's Constitutional Claims**

In addition to his tort claims, Lascko alleges that the federal government, through the named agencies, violated his First and Fourth Amendment rights. Such claims arise under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), in which the United States Supreme Court held that Fourth Amendment violations by a federal agent acting under the color of law give rise to a cause of action against *that individual agent* for damages. However, the Supreme

---

[4] A provision with nearly identical language determines when an administrative claim has been properly presented to the Postal Service. 39 U.S.C. § 912.5.

Court has expressly refused to allow *Bivens*-type actions to be brought directly against federal agencies, including those whose sovereign immunity has been waived by Congress under a "sue and be sued" clause. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994) (holding that, although the Federal Savings and Loan Insurance Corporation's sue-and-be-sued clause waived the agency's sovereign immunity against a constitutional tort claim, an extension of *Bivens* actions to agencies of the federal government is not supported by the logic of *Bivens* itself); *See also Hammons v. Norfolk S. Corp.*, 156 F.3d 701, 705 (6th Cir. 1998) ("[A] Bivens action cannot be brought against a federal agency.").[5]

Because *Bivens* actions cannot be brought against federal agencies, Lascko's constitutional claims against the federal agencies are dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

**C.    Remaining Claims and Defendants**

As demonstrated *supra*, Lascko might maintain an action against the individual federal defendants, and the City of Cleveland, for violations of his constitutional rights. As the agency defendants note in their motion to dismiss, however, service of process is an important requirement for the exercise of the court's jurisdiction over any defendant. *See* FED. R. CIV. P. 4. In this case, a review of the docket reveals no evidence that Lascko has properly effecuated service of his amended complaint upon the City of Cleveland or upon any of the named or unnamed federal employees. Dismissal of all remaining claims against these defendants is therefore appropriate.

---

[5] Furthermore, *Bivens* actions may not be maintained against the United States. *See e.g. Shaner v. United States*, 976 F.2d 990, 994 (6th Cir. 1992) ("a Bivens action may be brought only against individual federal officials, not against the United States"); *Nuclear Transport and Storage, Inc. v. United States*, 890 F.2d 1348, 1352 (6th Cir. 1989) (United States cannot be sued under *Bivens* because it "has not waived sovereign immunity and consented expressly to be sued in a *Bivens*-type action"). Thus, replacing the Agencies with the United States as the named defendant would not affect Lascko's ability to file a *Bivens* action.

### III. Conclusion

For the foregoing reasons, the court grants the federal agency defendants' motion to dismiss and dismisses the case in its entirety. All claims are hereby dismissed without prejudice, with the exception of Lascko's constitutional claims against the federal agencies, which are dismissed with prejudice for failure to state a claim.

This order is final and appealable.

IT IS SO ORDERED.

/s/ Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: July 25, 2006**